D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X   NOT FOR PUBLICATION
KEITH TODD,

                     Petitioner,             MEMORANDUM
                                     AND ORDER

      -against-

                                               08-CV-2050 (NGG)

H. GRAHAM,

                     Respondent.
----------------------------------------------------------X
GARAUFIS, United States District Judge:

       By petition dated May 12, 2008, *pro se* petitioner Keith Todd seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court grants petitioner's application for *in forma pauperis* status and directs petitioner to show cause within 30 days of the entry of this Memorandum and Order why the petition should not be dismissed as time-barred.

I.    **Background**

       On November 6, 2000, petitioner was convicted of, *inter alia*, sodomy in the first degree, before the New York Supreme Court, Queens County, and sentenced to 20 years imprisonment. See Pet. at ¶¶ 1-5. On June 23, 2003, the Appellate Division affirmed the conviction, People v. Todd, 306 A.D.2d 504 (2d Dep't 2003), and the New York Court of Appeals denied leave to appeal on December 12, 2003, People v. Todd, 1 N.Y.3d 581 (2003). Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court. See Pet. at ¶ 9(h).

## II. Discussion

With the passage of AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state-court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A),[1] the instant petition appears untimely. Petitioner's conviction became final on or about March 11, 2004, upon expiration of the 90-day period for seeking a writ of certiorari. Lawrence v. Florida, — U.S. —, 127 S.Ct. 1079, 1084-85 (2007); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). Thus, in order to be timely, this petition should have been filed in federal court on or before March 11, 2005. Since this petition was filed on May 12, 2008, well after the one-year limitations period had already expired, it is barred by 28 U.S.C. § 2244(d) unless tolling is applicable.

---

[1] Petitioner does not state any facts to conclude that subsections (B)-(D) are applicable.

2

### A. Statutory Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*).

Petitioner filed a post-conviction motion under New York C.P.L. § 440.10 ("440 motion") on July 26, 2007, which was denied by the trial judge on October 1, 2007 and affirmed by the Appellate Division on January 10, 2008; leave to appeal was denied by the Court of Appeals on March 25, 2008. See Petition at 6-7, Unmarked Exhibits. Because the 440 motion was filed on July 26, 2007, it was not pending before the statute of limitations had expired. Therefore, the statutory provision under § 2244(d)(2) cannot toll the petition for this time period.

### B. Equitable Tolling

The limitations period may also be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Lawrence, 127 S.Ct. at 1085 (assuming without deciding that equitable tolling is available if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation omitted). As currently presented, see Pet. at 14, petitioner does not provide a basis for seeking equitable tolling.

3

## III. Conclusion

Accordingly, the Court directs petitioner to show cause by written affirmation, within 30 days from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one-year statute of limitations. Day v. McDonough, 547 U.S.198, 209 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000). No answer shall be required at this time and all further proceedings shall be stayed for 30 days or until petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

/signed/
NICHOLAS G. GARAUFIS
United States District Judge

Dated: Brooklyn, New York
May 22, 2008

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

KEITH TODD,

                Petitioner,　　　　　　　　　　　　**PETITIONER'S**
　　　　　　　　　　　　　　　　　　　　　　　　　**AFFIRMATION**
-against-
　　　　　　　　　　　　　　　　　　　　　　　　　**08-CV-2050 (NGG)**
H. GRAHAM,

                Respondent.
_____X

       KEITH TODD, appearing *pro se*, makes the following affirmation under the penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's Order dated _____. The instant petition should not be time-barred by the one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature & Identification Number

_____
Address

_____
City, State & Zip Code