D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X   NOT FOR PUBLICATION
KEITH TODD,

                Petitioner,                MEMORANDUM
                                        AND ORDER
       -against-

                                        08-CV-2050 (NGG)
H. GRAHAM,

                Respondent.
----------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge:

On May 12, 2008, *pro se* petitioner Keith Todd filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Memorandum and Order dated May 22, 2008, the Court directed Petitioner to show cause why the Petition should not be dismissed as time-barred by the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On June 19, 2008, the Court received Petitioner's Affirmation. Having reviewed the Affirmation, the Court finds that Petitioner is not entitled to equitable tolling and the Petition is dismissed as time-barred.

**I.    Background**

On November 6, 2000, Petitioner was convicted of, *inter alia*, sodomy in the first degree, before the New York Supreme Court, Queens County, and sentenced to 20 years in prison. See Pet. at ¶¶1-5. On June 23, 2003, the Appellate Division affirmed the conviction, People v. Todd, 306 A.D.2d 504 (2d Dep't 2003), and the New York Court of Appeals denied leave to appeal on December 12, 2003, People v. Todd, 1 N.Y.3d 581 (2003). Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court. See Pet. at ¶ 9(h).

## II. Discussion

### A. Statute of Limitations

AEDPA imposes a one-year limitation period for a person in custody pursuant to a state court conviction to file a petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Absent other circumstances, see § 2244(d)(1)(B)-(D),[1] the one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," § 2244 (d)(1)(A). Petitioner challenges a conviction which became final on or about March 11, 2004, upon expiration of the 90-day period for seeking a writ of certiorari. See Lawrence v. Florida, — U.S. —, 127 S.Ct. 1079, 1084-85 (2007); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). Thus, in order to be timely, this Petition should have been filed in federal court on or before March 11, 2005. Since this petition was filed on May 12, 2008, well after the one-year limitations period had expired, it is barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

### B. Tolling

The Court previously determined that the statutory tolling provision under 28 U.S.C. § 2244(d)(2) did not save this Petition from being time-barred since Petitioner's post-conviction motion was filed in 2007, after the AEDPA's limitations period had already expired, see Petition at 6-7, Unmarked Exhibits; Memorandum and Order dated May 22, 2008 at 3. However, the Court provided Petitioner an opportunity to contend that he was entitled to equitable tolling.

Equitable tolling is available if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (ii) he

---

[1] The Court has already concluded that subsections § 2244(d)(1)(B)-(D) did not apply. See Memorandum and Order dated May 22, 2008 at 2.

2

"acted with reasonable diligence throughout the period he seeks to toll," id.; see also Lawrence, 127 S.Ct. at 1085 (assuming without deciding that equitable tolling is available if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation omitted); Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008) (same).

Here, Petitioner argues the merits of his case and does not allege any circumstances to warrant equitable tolling. For example, Petitioner argues that the Petition should not be dismissed as time-barred because the state court lacked jurisdiction and failed to hold an evidentiary hearing. See Affirmation at 1-14; Petition at 6. Petitioner attaches the same post-conviction motion he filed in 2007 in support of his Affirmation. Nowhere in the Affirmation, however, does petitioner show how he was prevented from filing a timely Petition nor does he suggest any circumstances that caused the lateness of his filing. See Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

## III. Conclusion

The Court concludes that equitable tolling does not apply. Accordingly, the Petition is dismissed as time-barred under AEDPA's one-year statute of limitations. As this Petition presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c).

The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of any appeal. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: August  1 , 2008
Brooklyn, New York

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge